## BROWN vs. ANDERSON.

APPEAL from the court of the first district.

The right of a defendant in a note may be sold on execution.

MARTIN, J., delivered the opinion of the court. The plaintiff suggesting that Lobdell was in possession of a note of M·Donough, the property of the defendant and others, had a rule on him to show cause why he should not be decreed to surrender it to the sheriff for sale on an execution issued in their suit; on

which a seizure had been made of the defen-
dant's rights, in the possession of Lobdell.

Lobdell averred he had no note in his possession or control belonging to the defendant; that he and Watts held in deposit a note of M·Donough to Shepherd, endorsed by the latter, for $4,000, payable in February, 1827, the property of Elizabeth (the defendant's wife) and others; his interest being the forty-seventh part of the whole amount; that all the persons interested in the note were original parties in the suit, except the present defendant, against whom judgment was taken.

That Watts and Lobdell received the note from the defendant, as a security against damages they, or any other person, might sustain as his bail, and to satisfy the depositaries for their services rendered, in this or any other suit, to him or any other of the parties interested in the note; that they became his bail, defended him, and appealed in his behalf, and may eventually be liable to pay whatever may be recovered against him; and have, in other suits, rendered professional services to him and the other parties interested in the note.

That, subsequently to this deposit, the

BROWN
*vs.*
ANDERSON.

owners of the note agreed that they should retain out of its proceeds, whatever they might be liable to pay for the defendant, and their fees in the present and other suits against him and them.

That the claim for these services was two hundred and fifty dollars.

That Derbigny has a lien on the proceeds of the note, for $359 13; Duncan's heirs a judgment for $181 50; and Livingston for an unliquidated demand, on which a suit is still pending.

The rule being made absolute, Lobdell appealed.

We are of opinion, that the defendant's interest being only the forty-seventh part of the proceeds of the note, could not himself demand the delivery of it from a person who was the first holder of it, for the owners of the remaining forty-seven parts; and that therefore they ought not to be compelled to surrender it.

Whatever may be the right of the defendant in the note, may be a fair object of sale on the execution, without disturbing the rights of the holders or other owners.

It is therefore ordered, adjudged, and decreed that the judgment of the parish court be annulled, avoided, and reversed, and the rule discharged, the plaintiff paying costs in both courts.

BROWN
*vs.*
ANDERSON.

*Waggaman* for the plaintiff, *Watts and Lobdell* for the defendant.